UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL CARNIERO,<br> petitioner,<br><br>    v.<br><br>CAROL CHAPDELAINE, ET AL.,<br> respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:   PRISONER<br>    Case No. 3:10v1510(AVC) |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

On August 30, 2010, the petitioner, Daniel Carniero, an inmate confined at the Osborn Correctional Institution in Somers, Connecticut, filed this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petitioner challenges his 2001 convictions for sexual assault, risk of injury to a minor and intimidating a witness. For the reasons that follow, the petition is dismissed.

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1). The limitations period begins on the completion of the direct appeal or the conclusion of the time

---

[1] On August 30, 2010, the petitioner signed the writ of habeas corpus. It was not received by the court until September 22, 2010. The court deems the petition for writ of habeas corpus as having been filed in this court on August 30, 2010, the date the court assumes the petitioner submitted the petition to prison officials for mailing. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. See id.; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

The limitations period is not a "jurisdictional bar." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000). Consequently, the court may equitably toll the limitations period. See id. Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.), cert. denied sub nom., Diaz v. Conway, 555 U.S. 870 (2008). The threshold for petitioner to establish equitable tolling is very high. See Smith, 208 F.3d at 17 (acknowledging high threshold for establishing equitable tolling).

The standard for determining whether a petitioner diligently pursued his rights is reasonable diligence. The court must determine whether the petitioner has shown that he "act[ed] as diligently as reasonably could have been expected *under the circumstances*" throughout the entire time period he seeks to have the court equitably toll. Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).

When considering the extraordinary circumstances, the court considers "how severe an obstacle it is for the prisoner endeavoring to comply with the . . . limitations period" set forth in 28 U.S.C. § 2244(d). Diaz, 515 F.3d at 154. The inquiries into extraordinary circumstances and reasonable diligence are related. The petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence," he could have timely filed his petition notwithstanding the extraordinary circumstances." Id.

On August 31, 2001, in the Connecticut Superior Court for the Judicial District of Waterbury, Connecticut, a jury convicted the petitioner of one count of sexual assault in the first degree, one count of risk of injury to a minor and one count of intimidating a witness. On October 17, 2001, the court sentenced the petitioner to twenty-five years of imprisonment, execution suspended after twenty-three years, followed by thirty-five years of probation. On April 29, 2003, the Connecticut appellate court affirmed the judgment of conviction. See State v. Carniero, 76 Conn. App. 425, 820 A.2d 1053 (2003). On June 11, 2003, the Connecticut supreme court denied a petition for certification to

appeal. See State v. Carniero, 264 Conn. 909, 826 A.2d 180 (2003). On October 6, 2003, the United States Supreme Court denied the petition for writ of certiorari. See Carniero v. Connecticut, 540 U.S. 915 (2003). Thus, the petitioner's conviction became final on October 6, 2003.

The statute of limitations began to run on October 7, 2003, but was tolled during the pendency of the petitioner's state habeas petition in March 2003, in the Connecticut superior court. On November 30, 2006, after an evidentiary hearing, a superior court judge issued a decision denying the petition for writ of habeas corpus. See Carniero v. Warden, No. CV030475012S, 2006 WL 3691794 (Conn. Super. Ct. Nov. 30, 2006). On August 5, 2008, the Connecticut appellate court affirmed the decision of the trial court. See Carniero v. Commissioner of Correction, 109 Conn. App. 513, 952 A.2d 80 (2008). On October 3, 2008, the Connecticut supreme court denied certification to appeal. See Carniero v. Commissioner of Correction, 289 Conn. 936, 958 A.2d 1244 (2008). The petitioner did not file a petition for certiorari to the United States Supreme Court.

The statute of limitations began to run again on October 4, 2008, the day after the Connecticut supreme court denied the petition for certification to appeal the denial of the state habeas petition. See Lawrence v. Florida, 549 U.S. 327, 329, 334 (2007) (holding that a habeas petition is not "pending" for

purposes of 28 U.S.C. § 2244(d)(2) when state courts have entered a final judgment but when a petition for certiorari has been filed in U.S. Supreme Court); Smaldone v. Senkowski, 273 F.3d 133, 137-38 (2d Cir. 2001) (recognizing that the "ninety-day period during which a petitioner could have but did not file a certiorari petition to the United States Supreme Court from the denial of a state post-conviction petition" is excluded from tolling under 28 U.S.C. 2244(d)(2)). The petitioner filed the present petition on August 30, 2010, over ten months after the one-year limitations period expired.

On October 25, 2010, the court ordered the petitioner to show cause why the petition should not be dismissed as barred by the one-year statute of limitations. On November 4, 2010, the petitioner filed a response to the court's order.

The petitioner asserts that he is entitled to equitable tolling of the statute of limitations. The petitioner states that he has little education, was ignorant of the law and had no access to legal materials. The petitioner contends that these facts warrant tolling of the limitations period.

Ignorance of the law does not constitute an extraordinary circumstance to excuse the untimely filing of a federal habeas petition. Courts within the second circuit consistently have held that a petitioner's pro se status, his unfamiliarity with the law or his lack of access to legal materials and assistance

fails to constitute an extraordinary circumstance that provides a basis to toll the statute of limitations. See, e.g., Walker v. McLaughlin, 2008 WL 941719, at *5 (W.D.N.Y. 2008) (citing cases holding that ignorance of the law, illiteracy, lack of access to law clerks, and lack of fluency in English are not extraordinary circumstances warranting equitable tolling); Adkins v. Warden, 585 F. Supp. 2d 286, 297 (D. Conn. 2008) (holding solitary confinement, lack of physical access to a law library, unfamiliarity with the law and legal rights and limited high school education did not constitute extraordinary circumstances sufficient to warrant tolling of limitations period); Ayala v. Miller, No. 03 CV 3289(JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004)(recognizing that "[n]either a prisoner's pro se status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."); United States v. Delgado, Nos. 00 Civ. 2376 & 00 Civ. 2465(JFK), 2003 WL 21219850, at *2 (S.D.N.Y. May 22, 2003)(holding that "[a] lack of access to legal resources is not ... considered an extraordinary circumstance."); Martinez v. Kuhlmann, No. 99 Civ. 1094(MBM)(AJP), 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3, 1999)(stating that "difficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities

6

common to many prisoners.").

In addition, the petitioner indicated that he was represented by counsel during his habeas petition and on appeal from the denial of his petition. He does not allege that anything or anyone prevented him from filing a habeas petition in this court prior to the expiration of the one-year limitations period. In response to this court's order that he show cause why this petition should not be dismissed as time-bared, the petitioner states that he contacted the Connecticut supreme court to confirm the date on which the petition for certification to appeal had been denied. He does not, however, claim or argue that he did not have prior notice of the supreme court's denial. There are no facts indicating that the petitioner exercised sufficient due diligence during the time period between the conclusion of his state habeas petition and the filing of this petition to warrant tolling of the applicable statute of limitations period. In addition, the petitioner has not demonstrated that extraordinary circumstances prevented him from filing this action within the one-year limitations period. The petitioner is not entitled to equitable tolling of the statute of limitations beyond the applicable time period and, therefore, the petition is dismissed as untimely pursuant to 28 U.S.C. §

2244(d)(1).[2]

## Conclusion

The petition for writ of habeas corpus [**Doc. No. 1**] is **DISMISSED** as barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1). The court concludes that jurists of reason would not find it debatable that the petitioner failed to timely file this petition. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk is directed to enter judgement and close this case.

**SO ORDERED** this _13th_ day of March 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge

---

[2] The petitioner contends that the court should construe this petition as a petition for writ of error coram nobis because there is no statute of limitations applicable to such a petition. The All Writs Act, 28 U.S.C. 1651(a), authorizes the district court to issue a writ of error coram nobis under extraordinary circumstances. See Foont v. United States, 93 F.3d 86, 78 (2d Cir. 1996). "[A writ of error] coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998). Furthermore, a writ of error coram nobis applies only to the court that issued the judgment of conviction. It cannot be used to challenge a state conviction in federal court. See Finkelstein v. Spritzer, 455 F.3d 131, 134 (2d Cir. 2006). The petitioner is still in state custody and is not challenging a federal sentence. Thus, the court will not construe the present petition as a writ of error coram nobis.